UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| PAULA ZELESNIK, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil No. 2: 18-113-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| MATT BEVIN, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Paula Zelesnik is a resident of Park, Ohio. Proceeding without counsel, she has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 [R. 2], and the Court has granted her motion to proceed *in forma pauperis* by separate Order. This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

In her complaint, Zelesnik identifies as defendants Kentucky Governor Matt Bevin, Iowa (sic) Governor and Vice President Mike Pence, Ohio Governor John Kasich, Judge Root, Rob Dorfman, the Ohio Supreme Court and Sherrod Brown. [R. 2 at 1] Zelesnik states that: (1) she "wants my name off all USA F-35 drawings"; (2) "the Ohio Supreme Court won't take my rape cases against General Electric Co."; and (3) "Matt Bevin and John Rice and M Pence are willingly putting bad F-35 engines ... in the air..." [R. 2 at 2] For relief, Zelesnik states that she "wants protection order against all GE employees and all University of Dayton employees and alumni..." She further indicates that she wants her name removed from certain prison documents. [R. 2 at 8] Accompanying her complaint is a one-page "Motion for Criminal

Prosecution" in which she states that "Scott" beat her in April 2015, with "F-35, F-135 & F-136," and "GE" scribbled on the page without explanation. [R. 4]

To state a viable claim for relief, a complaint must do more than set forth conclusory statements and legal conclusions.: it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). The Supreme Court has explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Simply labeling the defendants' actions as "negligent" or "wrongful" deprives the defendants of notice of the conduct complained of, a notice to which they are entitled. If a complaint does not provide any factual basis for the claims set forth within it, the complaint must be dismissed for failure to state a claim. *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) ("More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.").

The conclusory and disjointed statements in Zelesnik's complaint manifestly fail to satisfy this minimum pleading threshold. A review of the Court's online PACER database indicates that over the last year Zelesnik has filed eight prior lawsuits in the federal courts of Ohio, several of which make similarly vague and uncertain statements apparently arising out of the same events. All of these, save for one case filed late last month, were promptly dismissed upon initial screening for failure to state a claim. Cf. *Zelesnik v. Comm'r of Soc. Security*, No. 1: 17-CV-209-TSB (S.D. Ohio 2017); *Zelesnik v. Univ. of Cincinnati*, No. 1: 17-CV-210-TSB (S.D.

Ohio 2017); *Zelesnik v. GE Aircraft Engines*, No. 1: 17-CV-211-SJD (S.D. Ohio 2017); *Zelesnik v. Obarski*, No. 1: 17-CV-710-SJD (S.D. Ohio 2017). As the Court aptly put it in one of Zelesnik's cases, her complaint is "rambling, difficult to decipher, and borders on the delusional. Plaintiff provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's rights." Such is the case here, and where the allegations in the complaint "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," a district court may summarily dismiss the action upon its own motion. *Apple v. Glenn*, 183 F. 3d 477, 479 (6th Cir. 1999). The Court will therefore dismiss Zelesnik's complaint for failure to state a claim.

Accordingly, it is **ORDERED** as follows:

1. Paula Zelesnik's complaint [R. 2] is **DISMISSED**.

2. Plaintiff's Motion for Criminal Prosecution [R. 4] is **DENIED** as moot.

3. The Court will enter a Judgment contemporaneously with this Order.

4. This matter is **STRICKEN** from the active docket of the Court.

This 9th day of July, 2018.



Signed By:
William O. Bertelsman
United States District Judge